UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRINA SVITYASHCHUK,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>　　　　　　Defendant. | No.  2:22–cv–54–KJN<br><br>PRETRIAL SCHEDULING ORDER |

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE SANCTIONS, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

On February 9, 2022, the court ordered the parties to submit a joint status report pursuant to Local Rule 240.[1]  The court now issues the following pretrial scheduling order.[2]

---

[1] After all parties consented to the jurisdiction of a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c), the action was reassigned to the undersigned for all further proceedings and entry of final judgment. (ECF Nos. 5, 8, 10.)

[2] The court has made some modifications to the parties' proposed scheduling deadlines based on the court's own availability and case management needs, including that more time is required between the pretrial conference and first day of trial.  Should counsel prefer to keep their original

1

PLAINTIFF'S STATEMENT OF CLAIMS

On March 28, 2019, Plaintiff purchased a new 2019 BMW X7 ("Subject Vehicle") from non-party Niello Bavarian Automobiles ("Dealership"). The Subject Vehicle was sold with Defendant BMW's 4yrs/50,000 bumper to bumper warranty and 4yrs/50,000 powertrain warranty. Immediately after the purchase of the Subject Vehicle, Plaintiffs' experienced multiple mechanical issues. On November 8, 2021, Plaintiffs filed suit in the Superior Court for the County of Sacramento.

On January 7, 2022, Defendant BMW removed the matter to federal court, in the Eastern District of California.

Plaintiff's complaint alleges violations of the express and implied warranty, under California Song Beverly Consumer Warranty ("Song-Beverly Act") and Magnuson-Moss Warranty Act. Further, Plaintiff also alleged that Defendant BMW violated California Business and Professions Code Section 17200, for deceptive business practices. Plaintiff suffered through multiple mechanical issues, defects and nonconformities, which were covered under the warranty. Plaintiff alleges that Defendant BMW failed to repair the Subject Vehicle and also failed replace and or provide restitution to the Plaintiff.

DEFENDANT'S STATEMENT OF CLAIMS

Plaintiff's complaint alleges violations of the Song-Beverly Consumer Warranty Act, codified in California Civ. Code §§ 1790-1795.8, Magnuson-Moss Warranty Act, and California Bus. & Prof. Code § 17200, arising from their purchase of a then-new 2019 BMW X7, VIN: 5UXCW2C55KL080975 ("Subject Vehicle"). After Plaintiff purchased the Subject Vehicle, Plaintiff claims the Subject Vehicle exhibited numerous defects and nonconformities covered by warranties, but Defendant failed to repair or replace the Subject Vehicle or provide restitution to Plaintiff. Defendant denies the essential allegations in the Complaint relating to Plaintiff's purchase of the Subject Vehicle. The concerns experienced by Plaintiff are not defects, not covered by the warranty, do not substantially impair the use, value or safety of the Subject

---

discovery deadlines and pretrial deadlines, the parties may request a later trial date.

2

Vehicle, and/or have been repaired within a reasonable number of repair attempts.  Defendant reserves the right to assert other defenses, after propounding written discovery, deposing Plaintiff, and inspecting the Subject Vehicle.

SERVICE OF PROCESS

All named Defendants have been served and have appeared.  No further service is permitted except with leave of Court, good cause having been shown.

JOINDER OF PARTIES/AMENDMENT OF PLEADINGS

All named Defendants have answered Plaintiff's complaint.  No further joinder of parties or amendments to pleadings are permitted except with leave of Court, good cause having been shown.

JURISDICTION/VENUE

Jurisdiction and venue are undisputed, and are hereby found to be proper.

INITIAL DISCLOSURES

The parties have represented to the court that they anticipate exchanging initial disclosures by **March 18, 2022**.  It is so ordered.  Such disclosures shall include production of any documents and other items required by Rule 26(a)(1)(A)(ii) that are within a party's possession, custody, or control.

DISCOVERY DEADLINES, PROCEDURES FOR DISCOVERY DISPUTES

All non-expert discovery shall be completed[3] by **November 18, 2022.**  Any discovery-related motions must conform to the requirements of the Federal Rules of Civil Procedure and this Court's Local Rules, including Local Rule 251.  Judge Newman generally hears civil motions on Tuesdays at 9:00 a.m.

Prior to filing any discovery–related motions, the parties are required to meet and confer in good faith in an attempt to resolve their discovery disputes informally and without court intervention.  Such meet and confer shall take place in person, or at a minimum, via a telephonic

---

[3] "Completed" means (1) all discovery shall have been conducted so that all depositions have been taken and (2) any disputes related to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

conference. The mere exchange of letters or e-mails alone is not sufficient. As part of their joint statement related to a discovery motion submitted pursuant to Local Rule 251, the parties shall also specifically outline: (a) what meet-and-confer efforts were undertaken; (b) when and where such discussions took place; (c) who was present; and (d) how the parties' disputes were narrowed as a result of such discussions. Failure to comply with these requirements may result in summary denial of any discovery motion.

The Court strongly encourages the use of informal telephonic discovery conferences with the Court in lieu of formal discovery motion practice. The procedures and conditions for requesting and conducting such an informal telephonic discovery conference are outlined in Judge Newman's "Order re Informal Telephonic Conferences re Discovery Disputes," posted on the Court's website at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5046/. Additionally, subject to the Court's availability, the Court will also rule on disputes encountered at oral depositions, so as to avoid such depositions from breaking down. In the course of the deposition, the parties may contact Judge Newman's courtroom deputy clerk at (916) 930-4187 to inquire regarding Judge Newman's availability. However, the parties are cautioned that these informal procedures are not to be abused, and the Court may impose appropriate sanctions on an offending party or parties, even in the course of informal discovery conferences.

### EXPERT DISCLOSURES AND DISCOVERY

The parties shall disclose any expert witnesses in accordance with the specifications of Federal Rule of Civil Procedure 26(a)(2) no later than **December 9, 2022**. Any rebuttal expert disclosures shall be made in accordance with the specifications of Federal Rule of Civil Procedure 26(a)(2) no later than **December 23, 2023**. Expert disclosures shall be filed with the Court and served upon all other parties. All expert discovery shall be completed (see fn. 3) by **January 6, 2023**. The same procedures for fact–discovery disputes applies to expert–discovery disputes. An expert witness not timely disclosed will not be permitted to testify unless the party offering the witness demonstrates that: (a) the necessity of the witness could not have been reasonably anticipated at the time that the expert disclosures were due; (b) the Court and opposing counsel were promptly notified upon discovery of the witness; and (c) the witness was promptly

proffered for deposition. Failure to provide the information required by Federal Rule of Civil Procedure 26(a)(2) along with the expert disclosures may lead to preclusion of the expert's testimony or other appropriate sanctions.

LAW AND MOTION

All law and motion, except as to discovery-related matters, shall be completed (i.e. heard) on or before **January 31, 2023**. Counsel and/or parties proceeding without counsel are cautioned to refer to the Local Rules regarding the requirements for noticing such motions on the Court's regularly scheduled law and motion calendar, including, but not limited to, Local Rule 230. Judge Newman generally hears civil motions on Thursdays at 10:00 a.m. This paragraph does not preclude motions for continuances, motions in limine related to trial, temporary restraining orders, or other emergency applications, for which the Court may set a special briefing schedule, if necessary or appropriate.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. The purpose of law and motion is to narrow and refine the legal issues raised by the case, as well as to dispose of those issues that are susceptible to resolution without trial by pretrial motion. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, then examine those issues in light of the evidence obtained through discovery. If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion consistent with the law and motion cutoff set forth above. Conversely, motions in limine are procedural devices designed to address the admissibility of evidence. THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED UNDER THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

FINAL PRETRIAL CONFERENCE/TRIAL SETTING

The final pretrial conference and jury trial (plaintiff's request) will take place before the undersigned. The pretrial conference is set for **February 14, 2023, at 9:00 a.m**. The first day of the jury trial is set for **Friday, March 17, 2023, at 9:00 a.m.,** where the court will hear motions in limine or other pretrial matters. Jury selection will begin **Monday, March 20, 2023**.

OBJECTIONS

Any objections to this pretrial scheduling order shall be filed within seven (7) days.

SETTLEMENT CONFERENCE

Should the parties wish to conduct a settlement conference with a magistrate judge, they are to contact the undersigned's courtroom deputy clerk to inquire as to the availability of another magistrate judge for a settlement conference.

MODIFICATION OF THIS SCHEDULING ORDER

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this order shall not be modified except by leave of court upon a showing of "good cause." See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992). Mere agreement by the parties pursuant to a stipulation does not constitute good cause, nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.

Dated:  March 9, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

svit.54